**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Lavenue, ) | No. CV 10-1479-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Sterling Edmunds, Jr. in his capacity as ) CEO of Suntrust Mortgage; et al., ) | |
| Defendants. ) | |

On July 15, 2010, Plaintiff filed an application for temporary restraining order to enjoin a trustee sale of his home. Plaintiff called the Court and advised chambers that the sale is set for Tuesday, July 20, 2010 at 10:00 a.m. Because the assigned Judge could not conduct a hearing before the date set for the sale, the undersigned was drawn randomly by the Clerk of the Court to hear the application for temporary restraining order.

This Court held a hearing on Plaintiff's motion for temporary restraining order on July 20, 2010 at 9:00 a.m. Before proceeding to the merits of Plaintiff's motion, the Court will address jurisdiction.

Federal courts are courts of limited jurisdiction. As a result, federal courts can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.*

In this case, Plaintiff alleges both federal question jurisdiction (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332). (Doc. 1 at 3.) However, the Court has read the complaint and does not find that any of the causes of action pleaded involve a federal question.[1] Further, the Court has reviewed the citizenship allegations and finds that Plaintiff has not pleaded sufficient facts to establish diversity of citizenship. Specifically, Plaintiff fails to allege any citizenship for Sterling Edmunds, Jr. Further, Plaintiff fails to allege a principal place of business for Crestar Mortgage Corporation, Mortgage Electronic Registration Systems, or Suntrust Mortgage Company. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - -; - - - (2010). Finally, Plaintiff fails to allege a state of incorporation for Defendant Suntrust Mortgage Company.

Thus, because the Court is not convinced it has jurisdiction over this case, the Court will deny the request for temporary restraining order on this basis. However, because Plaintiff may be able to amend his complaint to cure the jurisdictional defects, the Court will alternatively consider the merits of the motion.

On this record it appears Plaintiff failed to give notice to all Defendants. Generally, Plaintiff must give notice to the opposing parties unless Plaintiff shows one of two exceptions to the notice requirement. The first exception is if Plaintiff shows that immediate and irreparable injury or loss will occur before the adverse parties can be heard in opposition. Fed. R. Civ. Pro. 65(b)(1)(A). Plaintiff filed this request for temporary restraining order on July 15, 2010, seeking to enjoin a July 20, 2010 trustee sale. Plaintiff has not shown why he could not give notice to all Defendants during these five days. Moreover, Plaintiff had approximately 90 days notice of the trustee sale and waited to file the request for temporary

---

[1] In the motion for temporary restraining order, Plaintiff makes a claim under "The USA Patriot Act," claiming that Defendants are a terrorist cell. (Doc. 4 at 6.) Because this claim is not in the complaint, the Court has not considered it for determining whether there is federal question jurisdiction.

restraining order until five days before the sale. When Plaintiff, by his own delay, causes the time available to give notice to be short, the Court does not find the short time window to be a basis for not giving Defendants notice.² The second exception to the notice requirement is available if Plaintiff shows a reason why notice should not be given. Fed. R. Civ. Pro. 65(b)(1)(B). Plaintiff failed to make any such showing in this case. Accordingly, the motion is denied because Plaintiff failed to give notice, or show why notice should not be required.

However, at the hearing Plaintiff did claim that he verbally gave notice to someone at the office of the attorneys who represent the trustee. No one appeared for any Defendant at the hearing. On this record, the Court does not find such verbal notice to be sufficient notice to all Defendants under Rule 65. Nonetheless, assuming verbal notice to someone in the office of counsel for one Defendant could be notice to all Defendants, the Court alternatively finds the motion should be denied on the merits.

For the Court to grant injunctive relief, like a temporary restraining order, the Court must find Plaintiff demonstrated a likelihood of success on the merits. *American Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).³ The Court has reviewed Plaintiff's motion and finds Plaintiff failed to make any showing of a likelihood of success on the merits.

Specifically, Plaintiff's argument that he will succeed on the merits is basically, "[i]t is clearly evident that Defendants' conduct set forth in Plaintiff's Complaint... is wrongful and violated his legally protected property rights." (Doc. 4 at 4). This conclusory allegation fails to show a likelihood of success on the merits. Additionally, the Complaint essentially

---

² *See generally Oakland Tribune, Inc. v. Chronicle Pub. Co.* 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").

³ Specifically, a movant seeking injunctive relief must establish that: 1) the movant is likely to succeed on the merits, 2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, 3) the balance of equities tips in the movant's favor, and 4) an injunction is in the public interest. *American Trucking Ass'ns, Inc.*, 559 F.3d at 1052 (citing *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008)).

makes one "argument" for relief, which is Defendants' failure to "make presentment" of the note. Doc. 1 at 4-5. Courts in this district have repeatedly held that the "show me the note" argument for non-judicial foreclosure proceedings lacks merit. *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009); *Diessner v. Mortgage Election Reg. Syst.*, 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009) (*aff'd* 2010 WL 2464899 (9th Cir. 2010); *Levine v. Downey Sav. And Loan, F.A.*, 2009 WL 4282471, *3 (D. Ariz. 2009); *Sundell-Bahard v. Tiffany & Bosco, P.A.*, 2010 WL 2595083, *2 (D. Ariz. 2010). Thus, because Plaintiff has failed to show a likelihood of success on the merits, the Court denies the request for temporary restraining order for this alternative reason.[4]

Based on the hearing, and for the foregoing reasons,

IT IS ORDERED that Plaintiff's application for temporary restraining order (Doc. 4) is denied.

DATED this 20th day of July, 2010.

*[signature]*
James A. Teilborg
United States District Judge

---

[4] As noted in footnote 1, Plaintiff also argues this Court should enter an injunction based on the Patriot Act. However, Plaintiff has cited nothing that suggests the Patriot Act creates a private right of action. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action."). Further, Plaintiff has failed to show Defendants violated the Patriot Act. Therefore, the Court finds Plaintiff has failed to show he is likely to succeed on this theory.

- 4 -