**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Lavenue,<br><br>                Plaintiff,<br><br>vs.<br><br>Sterling Edmunds, Jr., in his official capacity as CEO of SunTrust Mortgage; Mortgage Electronic Registration Systems, Inc. (MERS); Crestar Mortgage Corporation; and SunTrust Mortgage, Inc.,<br><br>                Defendants. | No. CV-10-1479-PHX-DGC<br><br>**ORDER** |

      In mid-July 2010, Plaintiff brought this quiet title action (Doc. 1) and filed a motion for a temporary restraining order seeking to enjoin a trustee sale of his home (Doc. 4). In an order dated July 20, 2010, the motion was denied for lack of subject matter jurisdiction. Doc. 10 at 2. Because the jurisdictional defect arguably could be cured by amendment, the motion also was denied because Plaintiff's "show me the note" argument is wholly without merit. *Id.* at 2-4.

      More than seven months later, on March 3, 2011, the Court issued an order providing that the case would be dismissed in 14 days if Plaintiff did not show good cause for his failure to serve process on Defendants. Doc. 11. To date, Plaintiff has filed no response to the order to show cause. Nor has he filed a response the motion to dismiss filed on March 11, 2011 by Defendants MERS and Bank of America (as successor in interest to Crestar Mortgage Corporation). Doc. 12. This case will be dismissed for

failure to prosecute, for failure to comply with the rules and the Court's order to show cause, and for lack of jurisdiction.

Before dismissing an action for failure to prosecute or failure to comply with the rules or an order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

The first two factors favor dismissal. Plaintiff filed this suit more than eight months ago (Doc. 1), but apparently has not served process on all Defendants. Plaintiff was provided with the order to show cause on March 3, 2011, and the motion to dismiss one week later. Docs. 11, 12. He has been provided with sufficient time to respond to the order and motion, but has failed to do so. Because the Court and the public have a strong interest in judicial efficiency and the prompt resolution of litigation, Plaintiff's failure to prosecute this action weighs in favor of dismissal. The third factor – risk of prejudice to Defendants – also weighs in favor of dismissal. Defendants forced to incur expenses and defend themselves in court are prejudiced by a plaintiff's failure to respond to motions or to prosecute the case in a timely and efficient manner. The fourth factor, as always, weighs against dismissal. As for the fifth factor, the Court notes that it warned Plaintiff that this action would be dismissed if he did not respond to the order to show cause. Plaintiff nonetheless chose to disregard the Court's order. Given this warning, and the fact that additional extensions of time would likely elicit the same lack of response, the Court concludes that dismissal is warranted. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 12. Federal courts "possess only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994), and "the

presumption is that [they are] without jurisdiction unless the contrary affirmatively appears," *Fifty Associates. v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970).  Pursuant to federal statutes, this Court has subject matter jurisdiction over a case where the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. §§ 1331, 1332(a).

As previously explained (Doc. 10 at 2), the complaint, even when liberally construed, asserts no cause of action raising a federal question.  Nor does it plead sufficient facts to establish complete diversity of citizenship.  *Id.*  The Court accordingly will grant Defendants' motion and dismiss the complaint for lack of subject matter jurisdiction.

**IT IS ORDERED:**

1. The case is **dismissed** for Plaintiff's failure to prosecute and comply with the rules and the Court's order to show cause (Doc. 11).

2. Defendants' motion to dismiss for lack of jurisdiction (Doc. 12) is **granted**.

3. The Clerk is directed to enter judgment accordingly and terminate this action.

Dated this 6th day of May, 2011.

_____
David G. Campbell
United States District Judge